NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL J. HORTON,

No. 17-17514

Plaintiff-Appellant,

D.C. No. 3:16-cv-06411-WHA

v.

MEMORANDUM*

D. BRADBURY, CDW (A); et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted August 15, 2018**

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

California state prisoner Michael J. Horton appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth and

Fourteenth Amendment claims arising from a notation in his custody records.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal on the

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

basis of claim preclusion. *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1025 (9th Cir. 2005). We affirm.

The district court properly dismissed Horton's action as barred by claim preclusion because Horton's claims were raised in a prior state habeas action that involved the same rights and parties, and resulted in a final judgment on the merits. *See San Diego Police Officers' Ass'n v. San Diego City Emps.' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) (elements of claim preclusion under California law); *see also Gonzales v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1231 (9th Cir. 2014) (reasoned denials of California habeas petitions have claim preclusive effect).

**AFFIRMED.**

17-17514